IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RONALD WALLACE,<br>Petitioner, | : <br> : <br> : | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2254 |
| v. | : <br> : | |
| UNKNOWN,<br>Respondent. | : <br> : | CIVIL ACTION NO.<br>1:13-CV-3001-TWT-LTW |

**FINAL REPORT AND RECOMMENDATION**

Petitioner is confined at Central State Prison in Macon, Georgia pursuant to a judgment of conviction entered in DeKalb County, Georgia in 1996. (Docs. 1, 2.) Petitioner challenged that judgment in state and federal court, with this Court denying him habeas relief in February 2000. Order, *Wallace v. Battle*, No. 1:98-cv-2835-TWT (N.D. Ga. Feb. 14, 2000).

In August 2013, Petitioner, pro se, sent the Court a one-page letter referencing a decision from this Court in a habeas case in October 2000. (Doc. 1.) Petitioner appeared to contend that the Court's decision in 2000 supports another challenge to his state judgment. (*Id.*) Yet Petitioner did not state in his letter what, if anything, he sought from the Court. (*Id.*)

The Court thus issued an Order directing Petitioner to clarify whether he sought to file another habeas petition challenging his state judgment. (Doc. 2.) The Court

informed Petitioner that he must obtain authorization from the U.S. Court of Appeals for the Eleventh Circuit before filing another habeas petition challenging his state judgment. (*Id.*); *see Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that state prisoner who "twice brought claims contesting the same custody imposed by the same judgment of a state court . . . was required to receive authorization from the Court of Appeals before filing his second challenge"). The Court gave Petitioner until October 8, 2013, to file a document clarifying his intentions. (Doc. 2.)

Petitioner has not filed anything since the Court's Order, and the deadline for doing so has passed. There is no indication that Petitioner has received permission from the court of appeals to file another habeas petition challenging his state judgment of conviction.

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** for Petitioner's failure to comply with a lawful order of the Court and for lack of jurisdiction over any successive challenge to Petitioner's state judgment. *See* Fed. R. Civ. P. 41(b); LR 41.3A(2), NDGa.

**SO RECOMMENDED** this 18 day of October, 2013.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

2